IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE JAMES RYALS,

    Petitioner,

v.                                            CASE NO. 4:05-cv-00205-MP-AK

PRESIDENT GEORGE W BUSH,
GOVERNOR JEB BUSH,
CHAIRMAN OF BANK OF AMERICA,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

By prior order, the Court ordered Petitioner to file an amended petition for writ of habeas corpus. Doc. 4. The reasons behind this were two-fold: first, the petition was not on the proper form, and second, although Petitioner sought release from custody, he was not entirely clear regarding the basis of the request since he cited the Sherman Antitrust Act, the Clayton Act, the Federal Trade Commission Act, the Robinson-Patman Act, the Pelham Trademark Act, and the Soldier Homestead Act of February 13, 1862. This matter is now before the Court on Doc. 7, Amended Petition for Writ of Habeas Corpus, filed by Willie James Ryals. Although the petition is now on the appropriate form, it is no more clear than on the first occasion. What is clear, however, is that Petitioner has been found by the state court to be incompetent to proceed in defending himself against the charge of grand theft of a motor vehicle which remains pending

in state court.  His state court petition for writ of habeas corpus was denied based on the fact that Petitioner is represented by legal counsel in the criminal proceedings and that he is incompetent. *See* Doc. 7, Attachments.

It is now apparent that Petitioner is in pretrial custody and has not been convicted of the charge at issue.  Any relief in federal court would therefore be pursuant to 28 U.S.C. § 2241 following exhaustion of remedies, and thus, this petition will be treated as one brought pursuant to § 2241.  *Hughes v. Attorney General*, 377 F.3d 1258, 1261-62 & 1262 n.3 & 4 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 881 (2005).

Assuming Petitioner has exhausted his remedies, he is not entitled to relief from this court.  Subject to few exceptions, a federal court may not enjoin pending state court proceedings except as expressly authorized by Congress "or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283; *Younger v. Harris*, 401 U.S. 37, 43 (1971).   A federal court may enjoin state proceedings "when absolutely necessary for protection of constitutional rights" and "when the danger of irreparable loss is both great and immediate"; however,

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term.  Instead, the threat to [petitioner'] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations omitted).  Extraordinary circumstances, such as prosecutions brought in bad faith or for purposes of harassment, are necessary to "establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith" to justify federal injunctive relief.  *Id*. at 48-49.

Instant Petitioner has an attorney in his state court criminal case.  He has been judged

incompetent and is receiving further evaluation and treatment at the state hospital.  His assertions that he is the Chairman and Trustee of Sounds of Seattle Record Company, a duly registered corporation with assets of over $10,000,000.00, and that he has check-writing privileges up to $11,500,000.00 with that company, go to his defenses regarding whether he wrote a bad check for a new truck.  Legal or factual arguments may be raised in the state trial court before judgment is entered and thereafter on direct review or post-conviction motion.  He may also pursue relief pursuant to 28 U.S.C. § 2254 at the appropriate time following exhaustion of state court remedies.

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus, Doc. 7, be **TREATED** as a petition filed pursuant to 28 U.S.C. § 2241, and be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida, this **24th** day of October, 2005.

s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**